1

2

3

4

5

## IN THE UNITED STATES DISTRICT COURT

6

## FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    UNITED STATES OF AMERICA,              No. CR S-98-0431-FCD-CMK

9                    Respondent,            CIV S-05-0433-FCD-CMK

10           vs.                            FINDINGS AND RECOMMENDATIONS

11   BENJAMIN AGREDANO-
     MERCADO, JR.,

12
                     Movant.
13
     _____/
14

15           Movant, a federal prisoner proceeding pro se, brings this motion to correct or set

16   aside a criminal judgment pursuant to 28 U.S.C. § 2255.

17           Movant was convicted of possession of cocaine with intent to distribute pursuant

18   to a written plea agreement.  Movant was sentenced to 121 months in prison.  Movant did not

19   seek direct appeal.  In his § 2255 motion, movant argues that the court erred in sentencing him

20   based on aggravating factors not determined by the jury to be true.  Movant cites to Apprendi v.

21   New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 531 (2004).  Movant

22   also argues that the federal sentencing guidelines are unconstitutional in light of United States v.

23   Booker, 125 S.Ct. 738 (2005).  Movant's motion must be denied.

24           As respondent correctly notes in its response to movant's motion, the rule

25   announced in Apprendi and its progeny does not apply retroactively to cases on collateral

26   review.  See United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir. 2002); Cook v.

1

United States, 386 F.3d 949 (9th Cir. 2004).  Because the holding in Booker was based on Apprendi and Blakely, Booker also does not apply retroactively on collateral review.  Put simply, movant's argument would have been proper in the context of a direct appeal.  Therefore, no relief is available in the context of a § 2255 motion based on movant's arguments.

Further, the court notes two other reasons why movant's motion cannot be granted.  First, a review of the docket reflects that an amended judgment and commitment order were issued on October 26, 2005.  The instant motion, which challenges the original May 7, 2004, judgment and commitment order, now appears to be moot.  Second, a review of the written plea agreement indicates that movant waived his right to collaterally challenge the conviction and sentence in this case.

Based on the foregoing, the undersigned recommends that:

1.      Movant's motion pursuant to 28 U.S.C. § 2255 be denied; and

2.      The Clerk of the Court be directed to close companion civil case no. CIV S-05-0433-FCD-CMK.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   January 25, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE